UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDPIPER ISLE
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                                         Case No.: 2:21-cv-105-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Sandpiper Isle Condominium Association, Inc.'s Motion to Compel. (Doc. 124).[1] Defendant Empire Indemnity Insurance Company has responded (Doc. 119), making this matter ripe. For the reasons below, Sandpiper's motion is granted in part and denied in part.

## I. Background

Sandpiper has brought this bad-faith action against its former insurer, Defendant Empire Indemnity Insurance Company. According to the complaint, Sandpiper submitted an insurance claim for hurricane damage that Empire

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

refused to pay. (Doc. 77.) The operative complaint contains a single claim for bad faith under Florida law. (*Id.*)

Sandpiper has propounded discovery requests that fall into two buckets—(1) reinsurance and reinsurance pooling agreements for Hurricane Irma claims (requests 1-5) and (2) reserve settings for various claims (requests 6-8). Reinsurance and pooling agreements are, according to Sandpiper, relevant in a bad-faith case so that it may understand the relationship between Empire and the reinsurance pool, such as unjustly denying claims or delaying payments to protect the pool's financial interests. (Doc. 124 at 6.)

Empire has objected, claiming the discovery requests are overbroad and irrelevant on their face. (Doc. 125.) Empire argues that reinsurance information is irrelevant when a party makes no attempt to relate the request to the matter before the Court. (*Id.* at 2.) And the requests are "vastly overbroad" according to Empire because the demanded information and documents relate not only to the claim that forms the basis of this case, but all Hurricane Irma claims. As for the reserve information, Empire concedes it may be relevant in a bad-faith claim, but Empire objects to disclosure of any reserve information related to files beyond Sandpiper's claim. (*Id.* at 5.)

## II. Discussion

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

2

claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Consistent with this standard, the purpose of discovery is to allow a broad search for facts that may aid a party in the preparation or presentation of his case. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").

But the scope of permissible discovery is not unbounded. Discovery requests must be relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The rule of proportionality is designed to erect reasonable guardrails around Rule 26's otherwise broad range. It prevents litigants from gaining a tactical advantage through burdensome requests that have little or no value to the case. "[E]ssentially[,] the expected benefits of the discovery must be in line with the cost and burden of the discovery and the value of the case." *Sloan v. Cunningham*, No. CA 16-00202-KD-C, 2017 WL 11441904, at *2 (S.D. Ala. Aug. 23, 2017).

Sandpiper asks for:

1. Please produce documents and written communication, including all letters, emails, correspondence, fax or electronic transmission, indicating, referring to, or relating to any exposure reports to any reinsurer and/or pooling affiliate in relation to Hurricane Irma losses suffered by Defendant in Florida.

2. Please produce documents and written communication, including all letters, emails, correspondence, fax, or electronic transmission, indicating, referring to, or relating to any exposure reports to any third-

3

party entity in relation to Hurricane Irma losses suffered by Defendant in Florida.

3. Please produce documents and agreements relating to any reinsurance pooling arrangements that the Defendant participated in, which relate to insured, real property located in Florida, for which a claim for Hurricane Irma damages were made, from January 1, 2017, through January 1, 2020.

4. Please produce written communication, including all letters, emails, correspondence, fax, or electronic transmission, indicating or relating to the decision to enter into a reinsurance pooling agreement pertaining to insured, real property located in Florida, for which a claim for Hurricane Irma damages were made, from January 1, 2017, through January 1, 2020.

5. Please produce documents and written communication, including all letters, emails, correspondence, fax, or electronic transmission, indicating or referring to the allocation of Hurricane Irma losses in Florida amongst the participants in any reinsurance pooling agreement from January 1, 2017, through January 1, 2020.

6. Please produce documents, reports, memos, or other records of any reserve or reserves set up related to Claim Nos. 5630011295, 5630021444, 5630010786, 5630012434, and 5630017439.

7. Please produce documents and written communication, including all letters, emails, correspondence, fax, or electronic transmission, related to any changes in reserve levels pertaining to Claims Nos. 5630011295, 5630021444, 5630010786, 5630012434, and 5630017439.

8. Please produce actuarial calculations, and/or evaluations used in setting or changing reserve levels related to Claims Nos. 5630011295, 5630021444, 5630010786, 5630012434, and 5630017439.

(Doc. 124-2.)

"[B]ad faith litigation may present such an instance where the need arises to inquire into an insurance carrier's reinsurance coverage." *TIG Ins. Co. v. United Nat'l Ins. Co.*, No. 05-60672-CIV, 2006 WL 8431479, at *2 (S.D. Fla. June 23, 2006) But even assuming relevance (itself debatable), requests 1-

5 suffer from the same defect that the Court outlined in its prior order. (Doc. 120.) Sandpiper's request for "all" documentation takes this discovery outside Rule 26. Literally construed, Sandpiper's discovery calls for the production of every scrap of paper or bit of electronically stored information that exists relating to the topics covered. By sweeping so broadly, the requests necessarily capture a host of documents that would have little to no relevance. For instance, compliance would require Empire to produce every email its employees exchanged that mentions "reinsurance pooling" in any way. As other courts have found, this broadside approach is unreasonable. *Stellato v. Medtronic Minimed, Inc.*, No. 6:19-CV-2180-ORL-37DCI, 2021 WL 3134685, at *3 (M.D. Fla. Feb. 2, 2021).

The Court reaches a different result for requests 6-8. As Empire concedes, reserve information may be discoverable in bad-faith claims, and the Court finds that it is. *See Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-CV-753-FTM-36, 2011 WL 4596060, at *13 (M.D. Fla. Oct. 3, 2011). As to Empire's objection that discovery should be limited to Sandpiper's claim only,[2] that objection is overruled because in a bad-faith case, Empire's general business practices are at issue.

---

[2] Empire's discovery responses contain a host of objections that are not asserted in response to the motion to compel. These undefended objections are deemed abandoned, and thus not addressed. *See Gray v. Fla. Beverage Corp.*, No. 618CV1779ORL31LRH, 2019 WL 13249032, at *4 (M.D. Fla. Oct. 23, 2019).

One last issue. It's not entirely clear if Sandpiper is seeking fees and costs associated with bringing the motion compel. To the extent this relief is requested, it is denied because the motion to compel is granted in part and denied in part. *See* Fed. R. Civ. P. 37 (a)(5)(C).

For these reasons, Sandpiper's Motion to Compel (Doc. 124) is **granted in part and denied in part**. The motion is granted as to requests 6-8, but denied as to requests 1-5. Empire must produce responsive documents by **September 19, 2023**.

**ORDERED** in Fort Myers, Florida on September 5, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record