UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDPIPER ISLE
CONDOMINIUM ASSOCIATION,
INC.,

        Plaintiff,

   v.

EMPIRE INDEMNITY
INSURANCE COMPANY,

        Defendant,

Case No. 2:21-cv-105-KCD

## **ORDER**

This bad-faith case stems from Hurricane Irma. After the storm, Plaintiff Sandpiper Isle Condominium Association, Inc. submitted a claim to its insurer, Defendant Empire Indemnity Insurance Company. (Doc. 77 ¶ 7.)[1] According to the complaint, Empire acted in bad faith by "delaying the adjustment process [and] mishandling [the] claim." (*Id.* ¶ 29.) Now before the Court is Empire's Motion in Limine to Exclude Evidence of Bad Faith After August 10, 2018. (Doc. 153.)

### I. Background

Here are the relevant facts. After receiving Sandpiper's claim, Empire "accepted coverage" but questioned the damages. (Doc. 77 ¶ 13.) Empire

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

allegedly sought to limit its exposure by "suggesting an improper method" for repairing Sandpiper's roof: "the 'harvesting' of roof tiles from one roof . . . to be utilized in 'repairing' the remaining damage to other roofs." (*Id.* ¶¶ 14, 34.)

That led Sandpiper to file a Civil Remedy Notice of Insurer Violations (CRN)—a statutory prerequisite to filing a bad-faith claim—with the Florida Department of Financial Services. (Doc. 77-2.) Sandpiper specifically took Empire to task for its proposed repair method—tile harvesting—explaining that such a repair could not restore the property to its pre-loss condition. (Doc. 77 at 3, Doc. 77-2 at 2.)

Florida law provides "a 60-day safe harbor period in which to cure the allegations in a CRN." *Life Changing Ministries, Inc. v. Canopius US Ins., Inc.*, No. 5:15-CV-59-OC-30PRL, 2016 WL 6947341, at *1 (M.D. Fla. Nov. 28, 2016). So Empire had until August 10, 2018, to correct the circumstances outlined in the CRN or pay Sandpiper's damages. It did neither. (Doc. 77 ¶ 19.) Instead, Empire waited nearly a year to demand appraisal. (*Id.* ¶ 17.) Two years later, the appraisal panel ruled for Sandpiper. (*Id.* ¶¶ 18-19, 34.) This bad-faith suit followed.

Empire proffers that Sandpiper will attempt to introduce evidence from after August 10, 2018 (the expiration of the CRN cure period). It attaches two examples to its motion: a 2019 email from the City of Bonita Springs concerning tile harvesting (Doc. 153-1) and an August 2020 permit denial by

the City of Bonita Springs (Doc. 153-3). Empire moves in limine to exclude all evidence from after the CRN cure period.

## II. Legal Standard

"A motion in limine is a motion, whether made before or during trial, to exclude anticipated prejudicial evidence before [it] is actually offered." *SFR Servs., LLC v. Lexington Ins. Co.*, No. 2:19-CV-229-FTM-29-NPM, 2021 WL 322367, at *1 (M.D. Fla. Feb. 1, 2021); *see also Variable Annuity Life Ins. Co. v. Laeng*, No. 8:12-CV-2280-T-33, 2013 WL 3992418, at *2 (M.D. Fla. Aug. 2, 2013) ("The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial.").

"Evidence is excluded upon a motion in limine only if [it] is clearly inadmissible for any purpose." *Dagostino v. Fed. Express Corp.*, No. 2:22-CV-447-JES-KCD, 2023 WL 5498862, at *1 (M.D. Fla. Aug. 25, 2023). Unless the movant meets the "high standard" of showing that the evidence is categorically inadmissible, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Dagostino*, 2023 WL 5498862, at *1.

"To be appropriate, motions in limine should address specific pieces of evidence that are inadmissible[.]" *RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, No. 20-25162-CIV, 2021 WL 6135137, at *1 (S.D. Fla. Dec. 2, 2021).

They should not "serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Id.*; *see also McHale v. Crown Equip. Corp.*, No. 8:19-CV-707-VMC-SPF, 2021 WL 4527509, at *1 (M.D. Fla. Oct. 1, 2021) ("A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried."). "Motions that fail to identify specific pieces of evidence may be better suited [for] objections at trial." *RJ's Int'l Trading, LLC*, 2021 WL 6135137, at *2.

"Denial of [a motion in limine] means the court cannot determine whether the evidence in question should be excluded outside the trial context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). It "does not necessarily mean that all evidence contemplated by the motion will be admitted." *Id.* And "[i]n light of the preliminary or preemptive nature of motions in limine, any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited." *Holley v. Carnival Corp.*, No. 20-CV-20495, 2021 WL 5299836, at *1 (S.D. Fla. Nov. 15, 2021).

### III. Discussion

Empire seeks to bar Sandpiper from introducing evidence after August 10, 2018, the expiration of the CRN cure period, to prove bad faith. But motions in limine are not vehicles for excluding evidence wholesale. *See TB*

*Food USA, LLC v. Am. Mariculture, Inc.*, No. 2:17-CV-9-FTM-29NPM, 2021 WL 4963464, at *2 (M.D. Fla. Oct. 26, 2021). They should be targeted, identifying "specific pieces of evidence that are inadmissible[.]" *RJ's Int'l Trading, LLC*, 2021 WL 6135137, at *1. Though Empire has identified a few documents it believes Sandpiper may offer at trial, the motion is not limited to those items. Sandpiper asks the Court to exclude *any* evidence past August 10, 2018. (*See* Doc. 153 at 7); *see Paine v. Vanella*, No. 6:22-CV-1199-WWB-RMN, 2024 WL 4122888, at *2 (M.D. Fla. Sept. 9, 2024) ("The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded.").

Empire has over-expanded what a motion in limine can do. A motion in limine is designed to exclude improper evidence, "not to determine the sufficiency of the evidence or merits of an issue." *Soliday v. 7-Eleven, Inc.*, No. 2:09-CV-807-FTM-29, 2011 WL 1837807, at *1 (M.D. Fla. Apr. 20, 2011). The substance of Empire's motion—that any evidence after the cure period is inadmissible—falls into the latter category. "A motion in limine is not the proper vehicle to resolve substantive issues [or] test issues of law." *Dick's Sporting Goods, Inc. v. Forbes/Cohen Fla. Props., L.P.*, No. 20-CV-80157, 2024 WL 4003728, at *1 (S.D. Fla. Aug. 26, 2024).

Accordingly, Empire's Motion in Limine Excluding Evidence of Bad Faith After August 10, 2018 (Doc. 153) is **DENIED**. The admissibility of

5

evidence after August 10, 2018, is best left for trial, where questions of "foundation, relevancy, and potential prejudice may be resolved in proper context." *Dagostino*, 2023 WL 5498862, at *1.

**ORDERED** in Fort Myers, Florida on June 12, 2025.

Kyle C. Dudek
United States Magistrate Judge